[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2011
JOHN LEY
CLERK

No. 11-10919
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cv-80048-KLR

JEFF GRAY,

Plaintiff–Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR OF THE US CITIZENSHIP AND IMMIGRATION SERVICES
(USCIS),
DISTRICT DIRECTOR,
Eastern Region Field Offices, USCIS,
W. PALM BCH. FIELD OFFICE USCIS,
Field Office Director,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2011)

ON PETITION FOR REHEARING

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

The appellant's petition for rehearing is granted. The panel's previous opinion in this case is withdrawn and the following opinion is substituted in its place:

Jeff Gray is a lawful-permanent resident of the United States whose naturalization application was denied in October 2007 by the United States Bureau of Citizenship and Immigration Services (USCIS).  But Gray never received a copy of that decision[1] and so in January 2010 he filed a lawsuit, proceeding *pro se*, under 8 U.S.C. § 1447(b) because he believed that USCIS had failed to render a decision within 120 days of his naturalization examination.  The district court agreed and remanded Gray's case to USCIS so that it could render a decision and Gray could request a hearing on that decision if his application were denied.

As required by the district court's remand order, USCIS sent Gray a copy of his immigration file.  The bureau then sent him a letter that said it would not reopen his case because the grounds on which it had originally denied his application in October 2007 were still applicable, but that he could request a hearing on its "decision."  Gray responded by filing a motion for an order to show

---

[1] The decision was sent to the wrong address.

cause. That motion was denied, but the district court ordered USCIS to send Gray a copy of its "decision" within two days. In August 2010, USCIS sent Gray another letter denying his application and telling him that he could request a hearing. Gray then filed another motion for an order to show cause and a motion for injunctive relief. Finally Gray filed a motion for costs. All of those motions were denied. Gray then filed this appeal.[2]

But since Gray appealed, USCIS has once again reviewed Gray's naturalization application and issued a new decision. Because USCIS's actions have provided Gray the relief he sought in his lawsuit, his appeal from the district court's denial of his motion for an order to show cause and his motion for injunctive relief is moot. *Jacksonville Prop. Rights Ass'n v. City of Jacksonville*, 635 F.3d 1226, 1274 (11th Cir. 2011). Accordingly, we are without jurisdiction to consider those aspects of Gray's appeal and we dismiss them. But we still must consider whether Gray was entitled to costs under the Equal Access to Justice Act (EAJA).

We review an order denying costs under the EAJA for abuse of discretion. *United States v. Adkinson*, 247 F.3d 1289, 1290 (11th Cir. 2001). Under the

---

[2] Because Gray is proceeding *pro se*, we read his briefs liberally. *Harris v. United Auto Ins. Group*, 579 F.3d 1227, 1231 n.2 (11th Cir. 2009).

3

EAJA, as a prevailing party, Gray would be entitled to costs, but not fees because he was proceeding *pro se*, unless the government's position in the litigation was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *see also Clarkson v. IRS*, 678 F.2d 1368, 1371 (11th Cir. 1982) ("Unlike attorney fees, however, costs of litigation can be reasonably incurred even by a pro se litigant who is not an attorney."). Although the government had not acted on Gray's application within 120 days of his naturalization examination, its position was still substantially justified because USCIS had acted on Gray's application and sent a copy of the decision to Gray before he filed suit, even though the decision never reached him because it was sent to the wrong address. Accordingly, the district court did not abuse its discretion in denying Gray's application for costs.

**DISMISSED in part, AFFIRMED in part.**